## THE HAVILAH.

*(District Court, S. D. New York. June 27, 1889.)*

ADMIRALTY—REHEARING.
   A rehearing of a cause will not be granted after an assessment of damages, upon alleged new evidence that is equally controverted, and involves the reconsideration of all the previous evidence. The remedy is by appeal.

In Admiralty.
*Henry D. Arden*, for libelants.
*H. D. Hotchkiss* and *R. D. Benedict*, for claimants.

BROWN, J. The assessment of damages, under such circumstances as in the present case, is attended with much difficulty and perplexity. Assuming that the brig was liable on account of her negligence, as found at the hearing, I think that substantial justice is done by the award of damages, and that I am not warranted in making any material change, except as respects $551.25, allowance for demurrage, which is doubtless an oversight. Payment of the full value of the vessel at the time that she was sunk is the legal equivalent of a new vessel purchased to supply the place of the old, and interest thereon represents the value of the use. Demurrage in addition, therefore, is not chargeable. *The Venus*, 17 Fed. Rep. 925; *The Utopia*, 16 Fed. Rep. 507. In other respects the report is confirmed. An urgent appeal is made for the rehearing of the cause on the merits, on the ground of newly-discovered evidence, derived from the raising of the vessel during the assessment of damages, by which it is claimed to be shown that the angle of collision, instead of being from three to four points, as found heretofore by the court, was eight points, as the libelants had contended; and because such a collision angle would require the reconstruction of the whole theory of the collision, and charge the schooner with fault, and perhaps wholly relieve the Havilah. Such evidence as the raising of the schooner affords is, no doubt, new, and, if it were certain that the evidence derived from an inspection of the vessel proved an angle of collision of eight points, I should not hesitate to admit the testimony, and to re-examine the evidence with reference to that

fact, as the angle of collision was a very important factor in the determination of the case. But it is clear from the opposing affidavits that, if the case were opened, the angle of collision would be the subject of as much controversy as any part of the case on the original hearing. Where very important facts are discovered after trial, and there is either no dispute about them, or substantially little dispute, it is better that this court, as I have held, should reconsider the case, the same as where there has been an important misapprehension or mistake as to the testimony or facts proved; but not so, I think, where the opening of .the cause would renew the same controversy upon a new field of evidence, evidently with contradictory witnesses, all of which must be weighed in connection with the evidence previously considered. As the law supplies the opportunity for rehearing on new evidence by appeal, I think it better that it should be heard there, where it can be determined free from the preoccupation of mind that naturally follows a judgment once formed and expressed, as respects the mass of the old evidence, which must, nevertheless, be reconsidered with reference to the new.